Alas Garcia v. Garland

BIA
Segal, IJ
A209 842 416

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of November, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*
_____

CAROLINA GUADALUPE ALAS GARCIA,
> *Petitioner*,

> v.                                                    **21-6354**
>                                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*
_____

**FOR PETITIONER:**   Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**   Brian Boynton, Deputy Assistant Attorney General; Tim Ramnitz, Senior Litigation Counsel; Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Carolina Guadalupe Alas Garcia, a native and citizen of El Salvador, seeks review of a June 7, 2021 decision of the BIA affirming an October 17, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carolina Guadalupe Alas Garcia*, No. A 209 842 416 (B.I.A. June 7, 2021), *aff'g* No. A 209 842 416 (Immigr. Ct. N.Y.C. Oct. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factfinding for substantial evidence and questions of law de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive

2

unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.      Jurisdiction**

The BIA did not err in denying termination based on the lack of a hearing time and date in the Notice to Appear ("NTA").   The Supreme Court has held that an NTA that omits the hearing information is not sufficient to stop the accrual of presence or residence required for cancellation of removal.   *See Pereira v. Sessions*, 138 S. Ct. 2105, 2115–16 (2018); *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1478–80 (2021).   But those decisions address the "stop-time" rule and are "not properly read to void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019) (emphasis in original); *see also Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021).   Rather, an NTA "that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the" applicant. *Banegas Gomez*, 922 F.3d at 112; *see also Chery*, 16 F.4th at 986–87.   Alas Garcia received hearing notices with the time and date of her hearings, and she attended her hearings.

**II.  Asylum and withholding of removal**

To establish eligibility for asylum and withholding of removal, Alas Garcia had to establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" her persecution.  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 107–08 (2d Cir. 2022).   Before the IJ, she asserted that a police officer targeted her on account of her membership in a particular social group of "victims of sexual abuse committed by the police who lack police protection." Certified Admin. Rec. at 96.   But she did not challenge the denial of relief on that basis before the BIA and does not assert a social group claim here.   Accordingly, that basis for asylum and withholding of removal is both unexhausted and waived.   *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that petitioner generally must exhaust issues before the BIA); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that petitioner had abandoned a claim by failing to address it in his brief).

Instead, Alas Garcia argues that the BIA erred in finding that she had not raised a political opinion claim before the IJ.   To demonstrate a well-founded fear of persecution on account of political opinion, Alas Garcia had the burden to

4

establish, "through direct or circumstantial evidence," that the officer's motive in targeting her arose from her political beliefs, actual or imputed, rather than merely from the officer's own opinion. *Yueqing Zhang*, 426 F.3d at 545; *see also Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). A political opinion "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted).

The BIA did not err in refusing to address political opinion as a basis for asylum and withholding of removal. On her application, Alas Garcia checked the boxes for particular social group and political opinion, but before the IJ, she offered no testimony or argument concerning a political opinion claim. When the IJ asked her counsel to identify the proposed social group or other ground, counsel stated only: "Victims of sexual abuse committed by the police who lack police protection." Certified Admin. Rec. at 95–96. Because she did not argue political opinion before the IJ, the BIA did not err in declining to address that ground on appeal: "the BIA may refuse to consider an issue that could have been, but was not, raised before an IJ." *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (B.I.A. 2018) (same).

5

### III. CAT relief

Unlike asylum or withholding of removal, CAT relief does not require a nexus to a protected ground, but instead requires the applicant to establish that she will "more likely than not . . . be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). An applicant "will never be able to show that [s]he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *Matter of J–F–F–*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

The agency did not err in concluding that Alas Garcia failed to establish she would "more likely than not" be tortured. She testified that the police officer harassed her because of her youth and seeming lack of sexual experience and that the officer left a 25-year-old waitress and other older hotel employees alone. Thus, the IJ found that "[i]t is questionable whether this stage [Alas Garcia], who is now 22 years old and has a child and is living with a companion, would still be the object of affection by [that] particular police officer." Certified Admin. Rec. at

6

34. The IJ also noted that "[s]he did not testify that she was the object of the affection of any other police officer or any other individual in El Salvador." *Id*. at 34–35. Given the speculative nature of Alas Garcia's fear, the record does not compel a conclusion that she demonstrated that she would "more likely than not" be tortured if she returned to El Salvador. *See Savchuck*, 518 F.3d at 123–24; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7